United States District Court
Southern District of Texas

**ENTERED**

May 29, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE FIRST BRANDS GROUP, LLC | § § § | BANKRUPTCY CASE NO. 25-90399<br>ADV. PROCEEDING NO. 25-3803 |
| | § | |
| PATRICK JAMES, *et al.*, | § § | |
| Appellant, | § | |
| v. | § | CIVIL ACTION NO. H-26-3646 |
| | § | |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § | |
| Appellees. | § § | |
| | § § § | |

**MEMORANDUM AND OPINION**

Patrick James and several entities related to him have moved for leave to appeal the

Bankruptcy Court's order granting the motion filed by the United States to intervene in the First

Brands Group's adversary proceeding and to stay "all discovery" in that proceeding pending "the

resolution of the parallel criminal case" against Patrick and Edward James.  (Docket Entry No. 1-

1 at 9).  The appellants argue that the stay is a final, appealable order, (Docket Entry No. 2 at 8–

9), and, in the alternative, that leave to appeal is warranted, (*id.* at 10–15).  After a careful review

of the parties' arguments, the record, and the applicable law, the court dismisses the appeal for

lack of jurisdiction, for the following three reasons.

*First*, the stay is not an appealable final order.[1]  Appellate courts have jurisdiction over an

appeal of a litigation stay when the stay puts the appellant "effectively out of court."  *Moses H.

Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983) (quoting *Idlewild Bon Voyage*

---

[1] The parties dispute whether the appeal is final because the order stays only discovery.  The court assumes
that the stay affects the entire adversary proceeding because the dispute is immaterial to the court's ruling.

*Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n.2 (1962)).  Courts are split on the scope of the effectively-out-of-court doctrine.  Some limit appeals of stays to when, as in *Moses H. Cone*, the stay "surrender[s] jurisdiction of a federal suit to a" different tribunal, such as when the other tribunal will enter a final order or judgment that will have preclusive effect in the federal suit. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996) (quoting *Moses H. Cone*, 460 U.S. at 10 n.11).  Under this narrow version of the doctrine, "[i]f a stay merely delays litigation and does not effectively terminate proceedings, it is not considered a final decision."  *Crystal Clear Commc'ns v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176 (10th Cir. 2005); *see Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers' Union*, 141 F.3d 105, 109 (3d Cir. 1998) (holding that *Moses H. Cone* does not apply when the district court has no intention to "'deep six' the suit").  By contrast, most of the courts of appeals have held that "stay orders imposing lengthy or indefinite delays are appealable as final orders," *Conservation L. Found., Inc. v. Exxon Mobil Corp.*, 3 F.4th 61, 68 n.2 (1st Cir. 2021) (collecting cases), "even absent the risk that another proceeding will have res judicata effect on the federal case," *Stanley v. Chappell*, 764 F.3d 990, 995 (9th Cir. 2014).  Courts have held that lengthy stays can place litigants effectively out of court because justice delayed is justice denied; litigants may go out of business during a case, witnesses' memories may fade, and evidence may become stale.  *See Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

The Fifth Circuit follows the majority approach.  Cases have held that a stay placed a litigant effectively out of court without raising concerns about the preclusive effect of the proceeding precipitating the stay.  The Fifth Circuit has explained that the "primary focus" in assessing jurisdiction over an appeal from a stay is "the length of time it might take" to lift the stay. *Occidental Chem. Corp. v. Louisiana Pub. Serv. Comm'n*, 810 F.3d 299, 307 (5th Cir. 2016)

2

(citing *Hines v. D'Artois*, 531 F.2d 726, 732 (5th Cir. 1976)).  In a more recent, though non-binding, case, the Fifth Circuit has stated that whether a stay puts a litigant effectively out of court is "based on [the stay's] legal consequences." *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *3 (5th Cir. Nov. 11, 2022) (per curiam).  The Fifth Circuit echoed the Court's ruling in *Moses H. Cone* that it is "enough that a stay 'ha[s] the practical effect of allowing a state court to be the first to rule on a common issue'"; rather, "a stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 10 n.11).  But the *Koch Project* court's ultimate decision to exercise jurisdiction relied on the length of the stay.  *See id.* at *4.

Even under the broader majority approach, the court does not have jurisdiction over this appeal.  When basing jurisdiction on the length of the stay alone, appellate courts have exercised jurisdiction because the stay had been in effect for, or was almost guaranteed to last, at least "18 months." *Occidental Chem.*, 810 F.3d at 307; *Hines*, 531 F.2d at 732; *Koch Project*, 2022 WL 16859961, at *4; *Blue Cross*, 490 F.3d at 724; *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1524 (11th Cir. 1984); *see also Conservation L.*, 3 F.4th at 69.  That is the amount of time "deemed sufficient to constitute effectively putting the plaintiffs out of court under *Idlewild*," the progenitor of the effectively-out-of-court doctrine.  *Occidental Chem.*, 810 F.3d at 307; *see Idlewild*, 370 U.S. at 715 n.2.

This appeal is based on a stay entered in April 2026.  (Docket Entry No. 1-1 at 8).  Trial is set for February 2027.  (*See* Docket Entry No. 4 at 3).  Even if discovery productions continue in the criminal case, (*see id.*), there is a clear "possibility," if not probability, that it will conclude "in less than eighteen months." *Hines*, 531 F.2d at 732; *see also* U.S. CONST. amend. VI (guaranteeing

3

criminal defendants "the right to a speedy and public trial").[2]  The appellants are not "effectively out of court."

The appellants argue that the stay is indefinite because it is "tied to the pendency of another proceeding." (Docket Entry No. 4 at 3).  This argument contradicts precedent.  The Supreme Court made clear in *Moses H. Cone* that "most stays" do not put litigants effectively out of court, including stays that "have the practical effect of allowing a state court to be the first to rule on a common issue."  460 U.S. at 10 n.11.  And the Fifth Circuit expressly considers how long the proceeding giving rise to the stay has lasted and is likely to last.  *See, e.g.*, *Occidental Chem.*, 810 F.3d at 307; *Hines*, 531 F.2d at 732; *Koch Project*, 2022 WL 16859961, at *4.  A stay does not place a litigant effectively out of court merely because it is tied to another proceeding.

In addition, a facially lengthy or indefinite stay does not justify an immediate exercise of appellate jurisdiction.  *Cf. Fleming v. United States*, 127 F.4th 837, 852 (11th Cir. 2025) ("Interlocutory appeals are not for issues that are merely important; they are for issues that are important, *now*.").  Stays do not instantly put litigants out of court because judges can, and often do, continually or periodically review and reconsider stay orders.  *See, e.g.*, *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 735–36 (3d Cir. 1983) (concluding that a stay order was not indefinite because the district court asked for an update on the administrative proceedings within ninety days and agreed to reconsider its order on that date).  Courts manage their docket as facts change, so some evidence of finality is needed before an appellate court can conclude that a new stay order has placed a litigant effectively out of court.  *See, e.g.*, *Hines*, 531 F.2d at 729 (exercising

---

[2] The appellants argue that the criminal case will take longer than 18 months if the court counts "gaps between trial and sentencings" and "appeal[s]." (Docket Entry No. 4 at 3).  The court does not credit the time it will take to complete sentencings and any appeals.  The Bankruptcy Court granted the United States's motion for a stay based on its arguments that the adversary proceeding would allow James "to circumvent discovery limits imposed by the Federal Rules of Criminal Procedure."  (Bankr. Docket Entry No. 167 at 1; *see* Bankr. Docket Entry No. 181).  The stay is tied to the criminal trial, not post-trial proceedings.

jurisdiction over the second stay order, which was issued after "motions for modification by all parties"). An order is not final if the lower court intends to reconsider the stay. *See Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005) (exercising jurisdiction because "there is no indication that the district court intends to revisit its decision to stay the case"); *Koch Proj.*, 2022 WL 16859961, at *4 (rejecting the argument that "periodic status reports" render a stay nonfinal absent evidence that the district court intends to reconsider its decision to stay the case).

In this case, the Bankruptcy Court has required an update on the status of the criminal case by July 13, 2026, and has ordered the parties to "advise whether any modification of this stay is warranted." (Docket Entry No. 1-1 at 9). The Bankruptcy Court is continuing to exercise its discretion over the case schedule and to balance the equities of a stay as the criminal case progresses. The Bankruptcy Court has not "surrender[ed] [its] jurisdiction" to another forum, *Stanley v. Chappell*, 764 F.3d 990, 995 (9th Cir. 2014) (quoting *Moses H. Cone*, 460 U.S. at 10 n. 11), or affirmatively "refus[ed] to proceed to a disposition on the merits," *Davis v. Walker*, 745 F.3d 1303, 1308–09 (9th Cir. 2014) (quoting *Blue Cross*, 490 F.3d at 724); *see Cheyney State*, 703 F.2d at 736 ("The district court's determination to reconsider its order on that date shows that the stay is simply a tentative step toward final disposition of the merits."). To be sure, lower courts cannot evade appellate review by continually reassessing the merits of a stay. A lower court's multiple decisions to continue a stay will eventually place a litigant "effectively out of court." *See, e.g.*, *Conservation L.*, 3 F.4th at 69 (holding that the district court's potential reconsideration of the stay did not thwart appellate jurisdiction because the plaintiff would "have endured the stay for over a year and a half" by the reconsideration date). But given the Bankruptcy Court's attentiveness to the stay issue and the stay's early stages, the appellants are not now "effectively

out of court." The stay order is not yet final under 28 U.S.C. § 158(a)(1). This court does not have jurisdiction to review it.

*Second*, the court denies the appellants' motion for leave to appeal. "Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Cluster Holdco, LLC v. Byman*, No. BR 23-90786, 2026 WL 150306, at *7 (S.D. Tex. Jan. 20, 2026) (quoting *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. BR 23-90085, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025)). This appeal will not materially advance the ultimate termination of the litigation in the legally relevant sense.

An interlocutory appeal materially advances the litigation if it "would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria County*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)). The Fifth Circuit has explained that courts should be wary of certifying interlocutory appeals "when a party has claims remaining for adjudication by the finder of fact." *In re L.L.P.&D. Marine, Inc.*, No. CIV.A. 97-1668, 1998 WL 66100, at *2 (E.D. La. Feb. 13, 1998) (first citing *United States v. Bear Marine Servs., Inc.*, 696 F.2d 1117, 1120 (5th Cir. 1983); and then citing *Spurlin v. General Motors Corp.*, 426 F.2d 294, 294–95 (5th Cir. 1970)). Under this rubric, reviewing the stay will not materially advance the ultimate termination of the adversary proceeding. Reversing the Bankruptcy Court will revive the adversary proceeding from a standstill. But an entire discovery process, complex factual and legal issues, and a trial will remain.

Leave to appeal is inappropriate because a ruling from this court will not itself move the ball substantially forward; it will merely cause the ball to start rolling again.

Interlocutory appeals from discovery orders seldom advance the litigation. *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 599 (5th Cir. 2025) (quoting *Hyde Constr. Co. v. Koehring Co.*, 455 F.2d 337, 338–39 (5th Cir. 1972)). Consider the rare example of *Garner I*. In that case, the Fifth Circuit accepted an interlocutory appeal to decide a privilege issue because it was essential to the case and a pending motion to dismiss. *See Garner v. Wolfinbarger (Garner I)*, 430 F.2d 1093, 1096–97 (5th Cir. 1970). A ruling on the privilege issue could have resolved substantial portions of the motion to dismiss, obviated the need for a trial, and avoided years of pretrial litigation. *See id.* at 1097; *accord Silverthorne Seismic*, 125 F.4th at 599. Reversing the Bankruptcy Court's stay order has no similar effect on this litigation. The appellants seek leave to appeal not to address controlling issues that will help the parties resolve expeditiously the merits of their dispute but to address what the appellants see as bare prejudice from an erroneous scheduling order. Mandamus, not a certified interlocutory appeal, is the appropriate vehicle to abate such concerns. *Compare Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 247 (7th Cir. 1981) ("[S]ection 1292(b) was enacted to foster greater judicial efficiency."), *overruled on other grounds by Groves v. United States*, 941 F.3d 315 (7th Cir. 2019), *with In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (explaining that mandamus is available when there is a clear and indisputable abuse of judicial power).

*Third*, the appellants did not request that the court construe their appeal as a petition for a writ of mandamus. Although the Fifth Circuit has so construed appeals when it has concluded that it lacked jurisdiction, *see In re Hester*, 899 F.2d 361, 365 (5th Cir. 1990), the court will not do so *sua sponte* because it is unsure if it can issue a writ of mandamus to a bankruptcy court, *see* FED.

7

R. APP. P. 21(a) ("A party petitioning for a writ of mandamus or prohibition directed to *a* court *must* file a petition with *the circuit clerk . . . .*" (emphasis added)); *see also In re Kaiser Steel Corp.*, 911 F.2d 380, 387 (10th Cir. 1990) (holding that a district court's authority to issue mandamus to a bankruptcy court "merged into the statutory power to withdraw the reference" because withdrawal affords a petitioner an adequate remedy at law), *modified on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir. 1992).

For these reasons, the motion for leave to appeal is denied and the appeal is dismissed for lack of jurisdiction.

SIGNED on May 29, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

8